

100
Bradley C. Gage*

Milad Sadr

Wayne Smith

Sarah E. Gage

*A PROFESSIONAL LAW
 CORPORATION

**23002 VICTORY BOULEVARD ~ WOODLAND HILLS, CA 91367 ~ (818) 340-9252 ~ FAX (818) 340-9088**

brad@bradgagelaw.com   milad@bradgagelaw.com   wayne@bradgagelaw.com   sarah@bradgagelaw.com

September 15, 2025

**SENT VIA USPS PRIORITY (Tracking Number):**      9400150105797022033578
**Controller's Office — Claims Division**
1390 Market Street, 7th Floor
San Francisco, CA 94102-5408

  Re: Government Claim

Dear Sir or Madam:

  Please consider this a notice of governmental claim, pursuant to California Government Code, Section 911.4.

A.   **NAME OF THE CLAIMANTS:**

  Christina Psalms and Marcus Psalms, the parents and successors in interest for their son, Jon-Marques Psalms.  Estate of Jon-Marques Psalms

B.   **ADDRESS TO SEND ALL NOTICES:**

  Brad Gage Law, 23002 Victory Blvd., Woodland Hills, CA 91367.

C.   **THE DATE, PLACE AND OTHER CIRCUMSTANCES OF THE OCCURRENCE OR TRANSACTIONS WHICH GIVE RISE TO THE CLAIMS ASSERTED:**

  On 08/20/2025, Jon-Marques Psalms received a head injury during training.  A gauze bandage was placed on his head  at some point.   After the head injury, Jon suffered a syncopal episode during training at the San Francisco Police Academy.   Jon was a cadet at the Academy and was engaging in a training exercise before the head injury was received.   An ambulance was called.   Jon was transported to the emergency department at UCSF. After arriving at the hospital

Government Claim
September 15,  2025
Page 2

Jon continued to get worse.  He was admitted to the intensive care unit on  8/20/2025.  Jon suffered a neurological injury.   He continued to suffer from his injuries until his death on 08/22/2025 at 1827 hours.

Among the injuries that Jon endured pain and suffering from because of the actions at the Academy were:

- Acute tubular necrosis, kidneys

- Ischemic necrosis, liver

- Hemorrhage of soft tissues and mucus membranes

- Cerebral edema with cerebellar herniation requiring an Occipital craniectomy.

- The brain showed effacement of the lateral ventricles upon autopsy.

A bright and promising young man was snatched from this earth as he embarked on a new career to help protect and serve our community.   Jon was an athlete and scholar.   He was an avid golfer.   He received a partial academic scholarship to UL/Lafayette.  He graduated with a Bachelor's of Science  in petroleum engineering.  Jon spent the last five years working in tech sales primarily in the Bay Area.  Jon loved to travel globally.  He was a blue belt in Jiu Jitsu.

As to the incident itself, a perfectly healthy young man went through training at the Police Academy.   As a result of that training he has now left the earth.    Based on information and belief, the lieutenant in charge of day-to-day operations  was transferred on August 23, 2025 (one day after Jon died.).   His Captain took a month-long trip.  It is virtually unheard of to have both a lieutenant and captain transferred essentially within days of a tragedy unless the department already has found alleged wrongdoing on their part.

The Department claims that Capt. Canning's trip had nothing to do with the death.  Yet, that doesn't pass the smell test.  Taking a vacation on the heels of this tragedy also appears to be very callous. If there was not any disciplinary reason for the trip and it was simply for pleasure, why not reschedule it so that the Captain is present during these trying times?  Wouldn't that be the humane response?  The SFPD is facing a recruitment crisis.  Showing compassion certainly helps to bring in potential candidates.

Even if we were to believe that  the vacation of the Captain is a coincidence, what is the explanation for the transfer of the lieutenant?  Why would the department move the lieutenant at a time the captain will be gone for a month?  The generally accepted practice and best practice of law enforcement would be to have the lieutenant available while the captain is gone because it aids in smoot running of the division.

LEGAL CLAIMS:

- Assault
- Battery
- Negligence
- Bane Act

Government Claim
September 15,  2025
Page 3

- Ralph Act
- Unruh Act
- 42 USC § 1983
- Intentional infliction of emotional distress
- Negligent infliction of emotional distress
- Punitive damages against individual defendants.


D.      **GENERAL DESCRIPTION OF THE INJURY, DAMAGE OR LOSS INCURRED.**

 General, special (economic and non-economic) damages, wrongful death damages, survivor damages, Attorneys fees litigation costs and such other damages as presented at trial.

 E.      **NAME OF PUBLIC EMPLOYEES CAUSING THE INJURY, DAMAGE OR LOSS TO COMPLAINANTS INCLUDE BUT ARE NOT LIMITED TO THE FOLLOWING**:

         Not presently known.

 F.      **THE AMOUNT OF CLAIMED DAMAGES EXCEEDS $10,000 AND JURISDICTION WILL BE PROPER IN SAN FRANCISCO  SUPERIOR COURT.**

         It is not uncommon for cases like this to  resolve for over $50,000,000.00.

         If you contend this is not the proper location for a Governmental Claim, please advise of the proper address.  Further, if  you contend  there are any administrative claims or remedies not pursued by complainant, please advise so that we can fulfill any administrative remedy requirements now.  Thank you.


                        Very truly yours,
                        Brad Gage Law
                        A Professional Corporation

                        */s/ Bradley C. Gage*
                        Bradley C. Gage