DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
LUCIA LI, State Bar #309355
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4206
Facsimile:     (415) 554-3837
E-Mail:        lucia.li@sfcityatty.org


Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE DEPARTMENT,
CHRISTOPHER CANNING, and RAY CRUZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA PSALMS, and MARCUS PSALMS individually and as successors in interest to JON-MARQUES PSALMS, of which CHRISTINA PSALMS and MARCUS PSALMS are beneficiaries, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, PAUL YEP, and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 3:26-cv-03880 LB <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Hearing Date:  August 20, 2026 <br> Time:          9:30 a.m. <br> Place:         450 Golden Gate Avenue <br>               15th Floor, Courtroom B <br>               San Francisco, CA <br><br> Trial Date:    Not Set |

Request for Judicial Notice ISO MTD
Case No. 3:26-cv-03880 LB

4924-9904-9904, v. 1

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Pursuant to Fed. R. Evid. 201, Defendants City and County of San Francisco, San Francisco Police Department, Christopher Canning, and Ray Cruz ("Defendants"), hereby request that the Court take judicial notice of:

**Exhibit A – Q002 Police Officer Job Classification**, Compensation, and Job Description reflecting compensation; coverage under the "POA" labor agreement; and describes the "entry-level position" as encompassing basic training in the Academy, Field Training Officer program, and patrol assignments under the Field Operations Bureau. Also, "[a]ll City and County of San Francisco employees are designated Disaster Service Workers through state and local law (California Government Code Section 3100-3109."

**Exhibit B – SFPD Recruitment Website** (https://www.joinsfpd.com/entry-level-program) states the "Entry Level Program" is paid at $119,262 per year "starting on Day 1 of the Academy."

**Exhibit C – Entry-Level Police Officer Q002 Job Posting** states the starting salary is $119,262 per year, civil service, and that "[a]pplicants selected through this posting will be hired as Entry-Level Police Officers and are required to successfully complete a twenty-six (26) week P.O.S.T. Basic Course Police Academy."

**Exhibit D – S.F. City Charter §§1.101, 4.100, 4.127**. Section 4.100 of the San Francisco City Charter states that "the executive branch of the City and County shall be composed of departments, appointive boards, commissions and other units of government." Section 1.101 states that the "City and County may appear, sue and defend in all courts in all matters and proceedings."

**ARGUMENT**

"In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto." *Gerritsen v. Warner Bros. Ent. Inc*., 112 F. Supp. 3d 1011, 1019 (C.D. Cal. 2015). A court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, including matters of public record, without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or

matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"). Courts may also take judicial notice of a fact that is "'not subject to reasonable dispute,' i.e., that is 'generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Kang v. PayPal Holdings, Inc.*, No. 21-cv-06468-CRB, 2022 WL 3155241, at *7 (N.D. Cal. Aug. 8, 2022) (quoting Fed. R. Evid. 201(b)). "Publicly accessible websites and news articles are among the proper subjects of judicial notice." *Diaz v. Intuit, Inc.*, No. 5:15-cv-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018).

The documents here are promulgated by a governmental agency and published online for use and reliance by the general public. Thus, these documents are "not subject to reasonable dispute" and may properly be the subject of judicial notice. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of list of vendors displayed on publicly available websites of government entities). "It is not uncommon for courts to take judicial notice of factual information found on the world wide web," and "[t]his is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice." *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008); *see e.g.*, *United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017) ("It is appropriate to take judicial notice of this information [the Small Business Administration's personal guaranty requirement], as it was made publicly available by government entities.") (quoting *Daniels-Hall*, 629 F.3d at 998); *Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1167 (E.D. Cal. 2019) (taking judicial notice that the World Health Organization had listed a drug on its list of essential medicines, as shown by its website posting).

Here, each of the records identified above are material of public record, websites for public consumption, and published by governmental agencies. These materials and contents are not subject to

reasonable dispute. Thus, this Court should take judicial notice of the enclosed exhibits, on each of these independent grounds.

## CONCLUSION

As such, the Court should take judicial notice of Exhibits A, B, C, and D.


Dated:  July 13, 2026

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
LUCIA LI
Deputy City Attorney


By:_____*/s/ Lucia Li*_____
LUCIA LI

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE DEPARTMENT,
CHRISTOPHER CANNING, and RAY CRUZ